UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| VERNON HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | Civil Action No: SA-08-CV-728-XR |
| ) | |
| BEXAR COUNTY, ET AL., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On this date, the Court considered Plaintiff's opposed motion to consolidate this case with 09-CV-523-XR, *Vernon Harris v. Bexar County*. After careful consideration, the Court will deny the motion.

**Background**

Plaintiff filed this lawsuit on September 2, 2008, alleging a violation of Title VII and supplemental state law claims against Bexar County and Sheriff Ralph Lopez. On June 29, 2009, Plaintiff filed 09-CV-523 against Bexar County, alleging retaliation. On October 29, 2009, after the close of discovery in 08-CV-728, Plaintiff filed the instant opposed motion to consolidate.

**Analysis**

Federal Rule of Civil Procedure 42 provides: "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." FED. R. CIV. P. 42(a). The purpose of consolidation is to "avoid unnecessary costs or delay." *Id.*; *Frazier v. Garrison ISD*, 980 F.2d 1514, 1532 (5th Cir. 1993). Federal district courts have very broad

discretion in deciding whether to consolidate. *Id.*

Factors for the court to consider in deciding if consolidation is appropriate include the following: "(1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately." *Zolezzi v. Celadon Trucking Servs. Inc.*, 2009 WL 736057 *1 (S.D. Tex. March 16, 2009). The Court also considers whether the cases are at the same stage of preparation for trial. *Id.*; *Mills v. Beech Aircraft Corp.*, 886 F.2d 758762 (5th Cir. 1985) (consolidation may properly be denied in instances in which the cases are at different stages of preparedness for trial).

With regard to the first factor, both cases are pending before the undersigned Judge. With regard to the second factor, there are two common parties involved in the cases, Plaintiff and Bexar County. Former Bexar County Sheriff Lopez is a party only in the first action.

The third factor is the presence of common issues of law or fact. The cases do not appear to involve the same questions of law given that they involve distinct legal claims. Thus, there is no danger of inconsistent legal rulings if the cases are not consolidated. However, there will be some factual overlap insofar as the retaliation claim is premised on Plaintiff's EEO activity relevant to the first lawsuit. Despite this overlap, there does not appear to be any danger of inconsistent fact findings if the cases are not consolidated.

Turning to the fourth factor, the Court must determine whether there is risk of prejudice or confusion if the cases are consolidated, and if so, whether the risk is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately. Defendants have

2

not filed a response, but there is no indication of prejudice or confusion if the cases are consolidated. However, as noted, there does not appear to be any risk of inconsistent rulings if the cases are tried separately.

Last, the Court considers whether the cases are at the same stage of preparation for trial. The Court finds that this factor weighs heavily against consolidation. Discovery in 08-cv-728 closed on October 1, 2009. Dispositive motions were due November 2, and Defendant has filed a motion for summary judgment. Trial is set for March 2010. In contrast, in 09-cv-523, the Complaint was filed on September 2, 2009, and the Amended Complaint was only recently filed on November 12. No scheduling order is yet in place. The Court finds that judicial economy would not be served by consolidating these cases because they are at very different stages of preparation. Consolidation would significantly delay resolution of this case, 08-cv-728, which is ready to be tried and has a pending motion for summary judgment. This delay would not be outweighed by the other possible benefits of consolidation, given that the cases do not involve the same legal issues.

## Conclusion

After considering the relevant factors, the Court concludes that these cases should not be consolidated. Plaintiff's motion (docket no. 17) is DENIED.

It is so ORDERED.

SIGNED this 23 day of November, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE